IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR.,          :
                                   :
                Petitioner,        :
                                   :
       v.                          :       Civil Action No. 20-1092-RGA
                                   :
ROBERT MAY, Warden, and            :
ATTORNEY GENERAL OF THE            :
STATE OF DELAWARE,                 :
                                   :
                Respondents.       :

---

## MEMORANDUM

Pending before the Court is Petitioner William Joseph Webb, Jr.'s Petition for Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 3)  Petitioner appears to be a pre-trial

detainee at the James T. Vaughn Correctional Center in Smyrna, Delaware, after being charged

with the following offenses: (1) second degree robbery; (2) theft of a motor vehicle; (3) two

counts of misuse of prisoner mail; and (4) two counts of harassment. (D.I. 7 at 1)  The Petition

asserts the following four Claims: (1) defense counsel has been sharing his defense tactics for

Petitioner's pending criminal proceeding with the State; (2) the State has violated his speedy trial

rights because he was not indicted until June 10, 2019 for arrests that occurred in February,

April, and early June 2019; (3) he is being held illegally because his bail is excessive and

retaliatory; and (4) the State has intentionally suppressed recorded telephone calls that would

exonerate Petitioner of the second degree robbery and theft of motor vehicle charges that have

been lodged against him. (D.I. 3 at 5-10)  Petitioner also filed a Motion for Leave to Proceed *In

Forma Pauperis* and a Motion to Expedite Proceedings. (D.I. 1; D.I. 5)  Petitioner filed five

separate documents titled "Exhibits" from September 2020 through December 2020, which appear to be copies of motions he has filed in his Delaware Superior Court criminal proceeding. (D.I. 6; D.I. 7; D.I. 8; D.I. 9; D.I. 10)  In January, Petitioner field a courtesy copy of a petition for writ of mandamus he filed in the Delaware Supreme Court.  (D.I. 11)  For relief in this proceeding, Petitioner asks that "the State of Delaware be immediately barred from prosecution of these cases and compensation under the exoneration act."  (D.I. 3 at 15)

## I.    LEGAL STANDARDS

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.  As a general rule, a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims.  28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254. Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding, because such adjudication would constitute premature litigation of constitutional defenses in federal court. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975)*; Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

2

## II.    DISCUSSION

After reviewing the instant Petition, the Court concludes that relief is not warranted. First, it is clear from the face of the pending Petition that Petitioner is not in custody pursuant to a state court judgment, because he has not yet undergone his state criminal trial on the charges for which he was arrested.  Second, to the extent Petitioner is asking the Court to "immediately bar" the State from prosecuting his cases, he is improperly attempting to abort a state criminal proceeding.  Third, Petitioner's request to be compensated under "the exoneration act" is unavailing because Delaware has not yet enacted a "Wrongful Imprisonment Act."[1]  Further, the proposed Delaware act requires a wrongful conviction, but Petitioner has not been convicted of anything, wrongfully or otherwise.  Fourth, it appears that Petitioner has not exhausted his state remedies with respect to his bail issue, and nothing in his Petition demonstrates extraordinary circumstances justifying the Court's interference with a pending state court proceeding without Petitioner having first exhausted state remedies. *See Moore*, 515 F.2d at 443.  Accordingly, the Court will summarily dismiss the instant Petition.

## III.    CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction and the pending Motions as moot.  The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the

---

[1]House Bill No. 196, titled "An Act to Amend Title 10 of the Delaware Code Relating to the Delaware Wrongful Imprisonment Compensation Act," which would have established a process for compensating individuals who have been wrongfully convicted, was voted out of the Judiciary Committee on June 19, 2019. *See* Delaware Center for Justice, *Wrongful Conviction Compensation*, Current Legislative Priorities,  http://www.dcjustice.org/ (last visited Jan. 29, 2021).

denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

A separate Order will be entered.

February 1, 2021                                    /s/ Richard G. Andrews
                                                    UNITED STATES DISTRICT JUDGE

4